UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Jack Braveboy, | ) | Civil Action No.: 4:07-591-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| | ) | **ORDER** |
| New Millennium Building Systems, Inc., | ) | |
| f/k/a SoCar, Inc., | ) | |
| Defendants. | ) | |
| _____ | ) | |

## **Procedural History**

In this action, the plaintiff alleges causes of action for discrimination on the basis of age in

violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq*, and

discrimination on the basis of an alleged disability in violation of the Americans with Disabilities Act

(ADA), 42 U.S.C. § 12101 *et seq*.[1] The defendant filed a motion for summary judgment on December

8, 2008. Plaintiff filed a response in opposition to the motion on January 5, 2009. Defendant filed a

Reply on January 12, 2009. On February 18, 2009, Magistrate Judge Paige Jones Gossett issued a

Report and Recommendation recommending that the motion for summary judgment be granted. The

plaintiff filed objections to the Report on August 3, 2009. Defendant filed a Reply to the Objections

on August 25, 2009.

This matter is now before the undersigned for review of the Report and Recommendation ("the

Report") filed by United States Magistrate Judge Paige Jones Gossett, to whom this case had previously

been assigned pursuant to 28 U.S.C. § 636 and Local Rule 73.02(B)(2)(g). In her Report, Magistrate

_____

[1] Plaintiff has apparently abandoned his wrongful discharge claim under state law.

1

Judge Gossett recommends that the defendant's motion for summary judgment be granted..

In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

## **Facts**

The court agrees with the factual and procedural background as set forth by the Magistrate Judge in her Report and Recommendation.[2]

## **Legal Standard for Summary Judgment**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of proving that judgment on the pleading is appropriate. Once the moving party makes the showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

When no genuine issue of any material fact exists, summary judgment is appropriate. Shealy

---

[2] The plaintiff was employed as a short-span line supervisor with the defendant New Millennium Building Systems, Inc. He alleges that his employment was terminated due to his age or alleged disability.

v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991).  The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party.  Id.  However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  Id. (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

In this case, defendant "bears the initial burden of point to the absence of a genuine issue of material fact."  Temkin v. Frederick County Commrs, 845 F.2d 716, 718 (4th Cir. 1991) (citing Celotex Corp v. Catrett, 477 U.S. 317, 322 (1986)).  If defendant carries this burden, "the burden then shifts to the non-moving party to come forward with fact sufficient to create a triable issue of fact."  Id. at 718-19 (citing  Anderson, 477 U.S. at 247-48).

Moreover, "once the moving party has met its burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show there is a genuine issue for trial."  Baber v. Hosp. Corp. of Am., 977 F.2d 872, 874-75 (4th Cir. 1992).  The nonmoving party may not rely on beliefs, conjecture, speculation, of conclusory allegations to defeat a motion for summary judgment.  Id. and Doyle v. Sentry, Inc., 877 F. Supp. 1002, 1005 (E.D. Va 1995).  Rather, the nonmoving party is required to submit evidence of specific facts by way of affidavits (see Fed. R. Civ. P. 56(e)), depositions, interrogatories, or admissions to demonstrate the existence of a genuine and material factual issue for trial.  Baber, 977 F.2d 872, citing Celotex Corp., supra.  Moreover, the nonmovant's proof must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits."  Mitchell v. Data Gen. Corp., 12 F.3d 1310, 1316 (4th Cir. 1993); DeLeon v. St. Joseph Hosp., Inc., 871 F.2d 1229, 1223 n. 7 (4th Cir. 1989).

### Age Discrimination Claim

The Magistrate Judge recommends a finding that the plaintiff cannot meet the third element of

the *prima facie* case under the ADEA, that he was performing his job at a satisfactory level.

Additionally, she recommends that, even if the plaintiff has arguably met his *prima facie* case, he is

unable to show pretext under the *McDonnell-Douglas* burden-shifting paradigm. In his objections, the

plaintiff does not contend that he has met all elements of his *prima facie* case under the ADEA. He

simply asserts that a question of fact exists as to "whether the purported reason for Braveboy's

termination by Defendant was pretextual." Although the plaintiff's failure to file objections regarding

the Magistrate Judge's recommendation regarding the *prima facie* case itself is determinative as to this

claim, the Court will also analyze the plaintiff's arguments regarding pretext.

> Plaintiff testified in his deposition as follows regarding his ADEA claim:
>
> Q. Do you have any evidence that Mr. Andrews discriminated against you because of
> your age?
> A. I- I don't think so. I wouldn't–I don't know why he would . . .
> Because the other line foreman was a lot older than I was.
> Q. Mr. Parrott was older than you?
> A. Yes, sir. Lot older.
> Q. In fact, there were a fair number of employees at Socar that were older than you;
> correct?
> A. Well, Sidney Parrott was the oldest one before Willie Lee passed away.  Sidney was
> the-the oldest one.  He –he retired. . . .
> [T]he fellow that went in there, they told him that . . . they couldn't work for me.  And-
> and-and they said they was going to quit . . . Rather get rid of one than get rid of five.
> . .
> Q. You knew those men to be hard working men for Socar, didn't you?
> A. Yeah, they was hard working.  They was the key workers of the-of their place that
> they was working at. . .
> Q. Well, is it fair to say that if the key workers went to Mr. Andrews is-Mr. Braveboy's
> got to go or we're going to go, you're not surprised at all that Mr. Andrews decided that
> it was you that had to go; correct?
> A. No.

(Depo. pp. 50-52)

The Court agrees with the Magistrate Judge that even if the other employees fabricated the

threats that they allege were made by the plaintiff to them, it is undisputed that the other employees in

fact reported that such threats were made. Therefore, regardless of whether the other employees were

4

telling the truth, the employer was told about the plaintiff's alleged conduct toward them. Therefore, the plaintiff cannot show that the purported reason for his discharge was false. *See Holland v Washington Homes, Inc.*, 487 F.3d 208 (4th Cir. 2007) (Former employee did not prove in Title VII race discrimination case that the employer's stated reason for termination of his employment was pretext for discrimination by denying that he made threats and by not providing evidence to support an inference that the supervisor did not believe that he had made the alleged threats.) In the case at bar, the plaintiff argues that he was being fired due to his age because the employer allegedly wanted to avoid "costly insurance claims, further time missed from work, and corresponding increases of insurance premiums" and Plaintiff had an excellent work record prior to making the alleged threats. However, other than speculation and conjecture, the plaintiff has not pointed to evidence which would support a finding that the stated reason for his discharge was pretextual. The Court accordingly grants the defendant's motion for summary judgment on the ADEA claim.

**Americans with Disabilities Act Claim**

The Magistrate Judge recommends a finding that the plaintiff fails to establish the element of his *prima facie* case that the plaintiff was a "qualified individual with a disability". She finds that an individual cannot be considered "qualified" if he commits misconduct. She also finds that Plaintiff did not meet the element of the *prima facie* case that he was fulfilling the employer's legitimate expectations. Finally, she finds that, even if the plaintiff could establish a *prima facie* case, he cannot show that the employer's stated reason was false and that discrimination was the true reason for the employment decision because "the record is devoid of any evidence that New Milennium knew that Braveboy suffered from disabling bipolar disorder and major depression."

Plaintiff's sole objection relating to the ADA challenges the finding by the Magistrate that the employer did not know about the disability. Plaintiff does not make specific objection to the finding

5

that he has not met two of the elements of his *prima facie* case. Therefore, it is not necessary for the court to conduct a *de novo* review regarding the ADA claim. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982) (failure to file specific objections to particular conclusions in Magistrate Judge's Report, after warning of consequences of failure to object, waives further review). The court adopts the recommendation by the Magistrate that the plaintiff has failed to establish a *prima facie* case as to his ADA claim.

Additionally, even if factual issues were found to exist regarding whether Plaintiff has met his *prima facie* case under the ADA, the court finds the plaintiff has failed to show pretext. However, the court reaches this conclusion for a different reason than the one given by the Magistrate. The Magistrate found that the plaintiff has failed to show pretext because the record lacks evidence that the employer knew that the plaintiff had been diagnosed with disabling bipolar disorder and major depression. The plaintiff has cited evidence that his supervisor knew that he had been hospitalized and attempted to visit him in the hospital; that the supervisor had observed Braveboy's odd and uncharacteristic behavior (in contrast to his previous exemplary behavior for the past thirty (30) years); and that he was not allowed to talk to Andrews between the time he left the hospital and the time he was terminated. Such evidence could arguably be deemed to provide the employer with some possible knowledge of the disability and the court does not find that the plaintiff cannot establish pretext on that basis.

However, the court finds that the plaintiff has still not shown that the reason given by the employer was false and that discrimination was the true reason for his discharge. As the Court has found in its analysis of the case under the ADEA, it is undisputed that other key employees reported the plaintiff's alleged misconduct to the supervisor.[3] Whether or not the alleged misconduct by the

---

[3] While Plaintiff generally denies engaging in the alleged behavior, it is somewhat ironic that some of the very symptoms of plaintiff's alleged disability, mood swings and "loud, pressured speech"

plaintiff in fact occurred, Plaintiff admits that the other employees complained about his behavior. (*See* deposition excerpts cited hereinabove.) Nevertheless, Braveboy argues that his disability was the true reason for his termination. Here again, it is the perception by the decisionmaker that is relevant. There is simply no evidence that the supervisor did not reasonably believe the allegations by the key employees, who the plaintiff admits were "honest gentlemen" and that he knew of no "specific reasons why they would be dishonest about [him]." (Docket Entry #43-3, pp. 8-9.) Moreover, Plaintiff admitted that he was not surprised that the company terminated his employment when faced with other employees threatening to resign their employment over the issue. Although the employer apparently knew that the plaintiff had been hospitalized, it would be entirely speculative to find that the alleged disability was the true reason for the plaintiff's termination under the facts presented to the court.

The Court adopts as modified the Report and Recommendation of the Magistrate Judge, and **GRANTS** the defendant's motion for summary judgment.

**AND IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Court Judge

September 15, 2009
Florence, South Carolina

---

are consistent with the allegations of the plaintiff's behavior made by the other employees. *See* description of bipolar disease provided by the plaintiff at page 13 of his Memorandum in Opposition to Summary Judgment.